Jean WALTERS and Russell Walters, her husband, Plaintiffs,

v.

ST. ELIZABETH HOSPITAL MEDICAL CENTER, Defendant.

Civ. A. No. 81–1827.

United States District Court,
W. D. Pennsylvania.

March 25, 1982.

Richard G. Spagnolli, Pittsburgh, Pa., for plaintiffs.

Patrick R. Riley, Pittsburgh, Pa., for defendant.

OPINION

MARSH, District Judge.

In this diversity case, the plaintiffs allege that injuries to the wife plaintiff's right hand and arm were caused by the negligence of the defendant hospital in Ohio. The hospital moves to dismiss for lack of personal jurisdiction. It is our opinion that the action should be transferred to the Northern District of Ohio. 28 U.S.C. § 1406.

The plaintiffs are citizens of Pennsylvania residing in New Castle, Pennsylvania. The hospital is located in Youngstown, Ohio. Over the past five years, many residents of Sharon and New Castle, Pennsylvania, were treated at the hospital for outpatient care, some being referred by Pennsylvania physicians. Likewise, many Pennsylvania residents from that area were

treated at the hospital for inpatient care. All of them were admitted by physicians who were on the staff of the hospital.

The Sharon or New Castle area of Pennsylvania is designated by the hospital as a "tertiary area of service."

The Ohio hospital did not and does not advertise its services in Pennsylvania; neither has the hospital ever solicited business in Pennsylvania, nor has it ever sent agents into Pennsylvania to induce patients to come to the hospital for inpatient or outpatient treatment. The hospital never has discouraged Pennsylvania patients from coming to the hospital for treatment in Ohio.

It may be inferred that the burden on the hospital located in an adjacent state of defending this action in Pittsburgh approximately 90 miles distant would be slight. However, in *Hanson v. Denckla*, 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283 (1958) it is stated:

"However minimal the burden of defending a case in a foreign tribunal, a defendant may not be called upon to do so unless he has had 'minimal contacts' with that State that are a prerequisite to its exercise of power over him. *International Shoe v. Washington*, 326 U.S. 310, 319 [66 S.Ct. 154, 159, 90 L.Ed. 95] .... "

Pennsylvania did not regulate nor attempt to regulate the conduct of the Ohio hospital; it has no de facto power over the hospital. All the treatment and services performed by the hospital take place in Ohio; no treatment or services rendered to patients are performed in Pennsylvania. The plaintiffs' residence in Pennsylvania is not by itself sufficient to sustain jurisdictional power over the dispute under the due process clause contained in the Fourteenth Amendment to the United States Constitution.

Pennsylvania's assertion of jurisdiction over an Ohio hospital having no contacts with the Commonwealth would be contrary to the determination of the Supreme Court in *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The due process clause of the Fourteenth Amendment prevents Pennsylvania courts from exercising jurisdiction over foreign corporations not having contacts, ties or relations minimally sufficient to satisfy the requirements of *International Shoe, supra. Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294, 100 S.Ct. 559, 565, 62 L.Ed.2d 490 (1980).

Jurisdiction of Pennsylvania courts over nonresident defendants is conferred by 42 Pa.C.S.A. § 5301 and § 5322.

■ Section 5322(b) makes Pennsylvania jurisdiction over a foreign corporation co-extensive with the permissible limits of jurisdiction under the due process clause contained in the Fourteenth Amendment of the United States Constitution.

■ Applying the due process test to this case, it is obvious that the Ohio hospital does not act directly or by agent in transacting any business in the Commonwealth: (1) it did not act *within* Pennsylvania; (2) no activities *within* Pennsylvania gave rise to the cause of action; and (3) the hospital did not have a substantial connection with Pennsylvania.

■ Since the hospital does not carry on any activity in Pennsylvania, the cause of action did not arise from any hospital activity *within* the Commonwealth. Accepting numerous Pennsylvania patients in Ohio at the hospital and treating them in Ohio over the years is not a business activity *within* Pennsylvania. The hospital performed no services *within* Pennsylvania. The hospital availed itself of none of the privileges or benefits of Pennsylvania law. In our opinion, the required affiliating circumstances do not exist.

An order transferring the case to the Northern District of Ohio will be entered.