Eugene J. JACKSON and Sylvia L. Jackson, husband and wife on their own Behalf and as parents, natural guardians and next best friends of Tenecia R. Jackson, a minor, Plaintiffs,

v.

Bill N. SHEPARD and Jane Doe Shepard, husband and wife, and Needles-Desert Communities Hospital, Defendants.

No. CIV 83–2238 PCT CLH.

United States District Court,
D. Arizona.

May 16, 1985.

Burton J. Kinerk, Tucson, Ariz., for plaintiffs.

John D. Everroad, Phoenix, Ariz., for Needles-Desert Communities Hospital.

Edward M. Ranger, Scottsdale, Ariz., for Shepards.

## MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

In this diversity action for medical malpractice, the defendants have moved to dismiss for lack of personal jurisdiction. The motion will be granted.

The defendants Shepard are citizens of California. Dr. Shepard is a medical doctor who practices in Needles. He maintains a telephone listing in the yellow pages of a regional telephone directory that has listings for a number of communities along or near the Colorado River in Arizona, California and Nevada. About 20% of his annual gross income can be attributed to charges in connection with the care and treatment of Arizona residents. Mrs. Shepard has a limited partnership interest in apartments in Phoenix.

Needles-Desert Communities Hospital, which is operated by a political subdivision of California, is located in Needles. Up to 45% of its revenues come from charges in connection with the care and treatment of Arizona residents. The hospital uses an Arizona collection agency to attempt to collect past due accounts from Arizona residents. It has also frequently resorted to the Arizona courts to attempt to collect past due accounts, and has been represented by Arizona lawyers in those actions. As of May 4, 1984, 33 actions were pending in the Superior Court for Mohave County in which the hospital is plaintiff.

On December 8, 1981, the plaintiff Sylvia L. Jackson gave birth to a boy at the hospital. Dr. Shepard was the attending physician. Laboratory tests demonstrated that Mrs. Jackson had blood type O with an Rh negative factor and the child had blood type O with an Rh positive factor. It is alleged that, given the incompatible Rh factors, standards of good medical practice required that Mrs. Jackson be administered medication to prevent isoimmunization and resultant damage to other offspring subsequently born to Mrs. Jackson.

At first blush, the determination of personal jurisdiction would appear to be controlled by *Cubbage v. Merchent,* 744 F.2d 665 (9th Cir.1984), where it was held that the California court had personal jurisdiction over the defendant Arizona doctors and hospital. However, there is significant legal distinction between this case and *Cubbage.*

■ To establish personal jurisdiction over a non-resident defendant, two requirements must be met: (1) the applicable state statute must confer personal jurisdiction over the nonresident and (2) the assertion of personal jurisdiction must comport with constitutional due process standards. *Flynt Distributing Co., Inc. v. Harvey,* 734 F.2d 1389, 1392 (9th Cir.1984); *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1286 (9th Cir. 1977).

California authorizes its courts to "exercise jurisdiction on any basis not inconsistent with the Constitution of this state or the United States." Cal.Civ.Proc.Code § 410.10 (West 1973). By contrast, Arizona authorizes personal jurisdiction over a person or corporation "which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose" or over a corporation doing business in Arizona. 16 A.R.S. Rules of Civil Procedure, rule 4(e)(2).

■ In *Cubbage,* the Ninth Circuit had only to determine whether the defendants had sufficient minimum contacts with California to satisfy the principles of due process. Here, it must be established that personal jurisdiction over the nonresident defendants has been acquired under Rule 4(e)(2) before a minimum contacts analysis is necessary or appropriate. *See Northcross v. Joslyn Fruit Co., Inc.,* 439 F.Supp. 371, 373–74 (D.Ariz.1977); *Maloof v. Raper*

*Sales, Inc.,* 113 Ariz. 485, 487, 557 P.2d 522, 524 (1976) ("[E]xercise of 4(e)(2) jurisdiction is determined by a two-stage analysis ...").

The defendants have not caused an event to occur in Arizona out of which the claims which are the subject of the complaint arose. The alleged injury causing event was the failure to administer appropriate medication to Mrs. Jackson while she was a patient at the hospital in California. The need for service was in California. Any negligent failure to render that service took place in California. Although the consequences of the alleged failure to treat were felt in Arizona, the tort itself is not portable. *See Wright v. Yackley,* 459 F.2d 287, 288–89 (9th Cir.1972). Injury in Arizona resulting from an out-of-state event is insufficient to establish jurisdiction under Rule 4(e)(2). *See Amba Marketing Systems, Inc. v. Jobar International, Inc.,* 551 F.2d 784, 788 (9th Cir.1977); *Houghton v. Piper Aircraft Corp.,* 112 Ariz. 365, 542 P.2d 24 (1975).

The hospital is not doing business in Arizona. The test of doing business for the purposes of personal jurisdiction is whether the defendant corporation engages in a "systematic and continuous course of conduct within the state." *Houghton,* 112 Ariz. at 367, 542 P.2d at 27 (quoting *Lycoming Division of Avco Corp. v. Superior Court,* 22 Ariz.App. 150, 153, 524 P.2d 1323, 1326 (1974)).

The hospital is not doing business in Arizona by attempting to collect debts acquired in California. *See California Brewing Co. v. Rino,* 143 F.Supp. 801, 803 (D.Idaho 1956). Nor does the fact that a California hospital accepts Arizonans for treatment constitute doing business by the hospital within Arizona. *See Walters v. St. Elizabeth Hospital Medical Center,* 543 F.Supp. 559, 560 (W.D.Pa.1982).

Plaintiffs have requested, if the Court finds there is no personal jurisdiction over the defendants, that the case be transferred to the Central District of California. Transfer is appropriate. *See Aguacate*

*Consolidated Mines, Inc. of Costa Rica v. Deeprock, Inc.,* 566 F.2d 523, 524 (5th Cir. 1978).

IT IS ORDERED granting the motions of the defendants to dismiss for lack of personal jurisdiction.

IT IS FURTHER ORDERED transferring this case to the Central District of California.