Nancy J. LORENZ, Plaintiff,

v.

The CLEVELAND CLINIC FOUNDA-
TION, Dr. Robert E. Hermann, Dr. Ber-
tram Flesher, Dr. Robert C. Tarazi, De-
fendants.

Civ. A. No. 86–139.

United States District Court,
W.D. Pennsylvania.

April 23, 1986.

Howard R. Lehman, Pittsburgh, Pa., for
plaintiff.

Marshall J. Tindall, Pittsburgh, Pa., for
defendants.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

(1) Plaintiff, a former patient at defend-
ant clinic and formerly under the care of
defendant doctors, seeks damages for
medical negligence arising out of treatment
provided in the Cleveland, Ohio, facility in
January 1984.

(2) Jurisdiction is based on diversity of
citizenship. 28 U.S.C. § 1332.

(3) Defendants have moved to dismiss
under Fed.R.Civ.P. 12(b)(2) for lack of per-
sonal jurisdiction. Defendants, all of Ohio,
allege they are without sufficient minimum
contacts with Pennsylvania to subject
themselves to jurisdiction in this court.
According to defendants' brief in support
of the motion at p. 5: "In the case at bar,
the four defendants provided care and
treatment to the plaintiff in the State of
Ohio and at no time 'exported their medical
negligence' to the Commonwealth of Penn-
sylvania as, if there was medical negli-
gence, the medical negligence and injury
occurred in the State of Ohio."

(4) In response, plaintiff cites a Pitts-
burgh, Pennsylvania, newspaper article in
which the Cleveland Clinic offered medical

advice and solicited questions from Pennsylvania readers. Plaintiff asserts that the article shows a pattern of business activity within the forum state sufficient to confer jurisdiction in Pennsylvania.

 (5) To establish personal jurisdiction, plaintiff must show that defendants have such minimum contacts with the forum state so that "the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). To determine whether minimum contacts are present, courts focus on "the relationship among the defendant, the forum and the litigation." *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683 (1977).

(6) Applying the Pennsylvania long-arm statute in this diversity case, we must determine whether the cause of action arises from the defendants' forum or non-forum related activities. *Dollar Savings Bank v. First Security Bank of Utah,* 746 F.2d 208 (3d Cir.1984). 42 Pa.C.S.A. § 5301. We find the cause of action does not arise from defendants' forum related activities. The contact with Pennsylvania upon which plaintiff bases jurisdiction, the newspaper article, is not related to her claim of medical malpractice. Because the claim arises from defendants' non-forum related activities, "the plaintiff must demonstrate that in other respects (other than contacts related to the claim itself) the defendant has maintained 'continuous and substantial' forum affiliations." *Gehling v. St. George's School of Medicine, Ltd.,* 773 F.2d 539, 541 (3d Cir.1985).

(7) We find that defendants are not subject to personal jurisdiction in Pennsylvania. Plaintiff has not met her burden of establishing, with reasonable particularity, defendants' continuous and substantial forum contacts. *Id.* at 542. Evidence that defendant clinic prepares a medical advice column ostensibly for national publication and accepts referrals from out-of-state physicians does not indicate that defendants "purposefully availed (themselves) of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

(8) Plaintiff requests a transfer to the Northern District of Ohio under 28 U.S.C. § 1406(a), which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Transfer under this statute is proper even though the transferor state lacks personal jurisdiction. *Reyno v. Piper Aircraft Co.,* 630 F.2d 149 (3d Cir.1980), *rev'd on other grounds,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Naartex Consulting Corp. v. Watt,* 722 F.2d 779 (D.C.Cir.1983), *cert. denied,* 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984). Because we find such a transfer in the interests of justice, we shall so order.

A written order will follow.