Richard J. PIJANOWSKI and Bertha Pijanowski, husband and wife, Plaintiffs,

v.

CLEVELAND CLINIC FOUNDATION, Ralph A. Straffon, M.D., John Doe, M.D. and Richard Roe, Defendants.

Civ. A. No. 85-73312-DT.

United States District Court,
E.D. Michigan, S.D.

June 4, 1986.

C. Peter Theut, William A. Moore, Hill, Lewis, Adams, Goodrich & Tait, Mount Clemens, Mich., for plaintiffs.

Daniel G. Wyllie, Patrick F. Hickey, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Plaintiffs, Michigan residents, sue for injuries allegedly sustained because of defendants' malpractice in Ohio. Defendants move for dismissal based on lack of personal jurisdiction. I have subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiffs rely on Michigan's long arm statute, Mich. Comp. Laws Annot. § 600.-715 (West 1981), which extends jurisdiction to the limits of due process. *See Sifers v. Horen*, 385 Mich. 195, 188 N.W.2d 623 (1971). Jurisdiction is constitutional if defendants have "purposefully directed" their activities toward Michigan residents, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984), and if the injuries claimed "arise out of or relate to" the activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). *See also, Burger King Corp. v. Rudzewicz,* —— U.S. ——, 105 S.Ct. 2174, 2181–2185, 85 L.Ed.2d 528 (1985) (summarizing basic principles).

Defendants have a reputation for ability to perform with expertise a variety of sophisticated medical procedures. This reputation contributed to Dr. Lichtwardt's decision to refer plaintiff Richard Pijanowski for treatment. (Lichtwardt affidavit, ¶¶ 5–7; R. Pijanowski affidavit, ¶ 5; B. Pijanowski affidavit, ¶¶ 6–10). Defendant Cleveland Clinic ("Clinic") publicizes its reputation and solicits referrals by mailing over 14,000 copies of its staff directory and over 600 copies of its magazine, *Challenge,*

to Michigan medical professionals.[1] This material includes a toll free number to facilitate referrals. During the years 1981–1984, the Clinic treated an average of 2,400 Michigan residents per year. Because the Clinic publicizes its reputation in and solicits referrals from Michigan, it is subject to my jurisdiction. *See Soares v. Roberts*, 417 F.Supp. 304 (D.R.I.1976) (jurisdiction over a Massachusetts abortion clinic that advertises in Rhode Island); *Woodward v. Keenan*, 79 Mich.App. 543, 548–549, 261 N.W.2d 80 (1977) (advisory ruling that nonresident professionals are subject to suit in Michigan if they solicit Michigan residents "on a systematic and continuing basis"). *Cf. Walters v. St. Elizabeth Hospital Medical Center*, 543 F.Supp. 559 (W.D.Pa. 1982) (no jurisdiction over an Ohio clinic that does not solicit patients from Pennsylvania); *Gelineau v. New York University*, 375 F.Supp. 661 (D.N.J.1974) (no jurisdiction over a New York hospital that does not solicit patients from New Jersey).

The Clinic's contacts do not confer jurisdiction over members of its staff. *See* 4 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 1069 (Supp. 1985) (contacts of a corporation cannot be imputed to the principals of the corporation). Since the individual defendants have no independent contacts with Michigan, they are not subject to my jurisdiction. *See Soares*, 417 F.Supp. at 307 (no jurisdiction over a clinic doctor despite jurisdiction over the clinic); *Lemke v. St. Margaret Hospital*, 594 F.Supp. 25 (N.D.Ill.1983), *reconsidering*, 552 F.Supp. 833 (N.D.Ill.1982) (no jurisdiction over a hospital doctor despite jurisdiction over the hospital).

 Although I have jurisdiction over the Clinic, in the interest of justice, the case should be litigated in Ohio where the alleged malpractice occurred. *See* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3854 nn. 2 & 3 (1986) (28 U.S.C. § 1404(a) authorizes transfer in the interest of justice even if it inconveniences the parties). *Cf. id.* nn. 17 & 25 (transferring cases to obtain the benefit of judges familiar with applicable law and jurors familiar with relevant community standards). Section 1404(a) permits me to order transfer, *sua sponte.*[2] *See id.* § 3845 n. 2. Even though Ohio's statute of limitations, Ohio Rev.Code Ann. § 2305.11 (Page Supp.1986), bars suit against the individual defendants, Michigan's statute of limitations, Mich. Comp. Laws Annot. §§ 600.5805, 600.5838, 600.5861 (West Supp.1985), applicable as the law of the transferor, permits suit against the Clinic. *See Martin v. Stokes*, 623 F.2d 469 (6th Cir.1980) (law of transferor governs section 1404(a) transfers).

Accordingly, defendants' motion to dismiss is DENIED. The action against the clinic is transferred to the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a), and the action against the individual defendants is transferred pursuant to 28 U.S.C. § 1406(a).[3]

IT IS SO ORDERED.

1. Defendants argue that I must disregard these mailings because of Dr. Lichtwardt's statement that his referral "was not prompted nor based in any way" on material received from the Cleveland Clinic. (Lichtwardt affidavit, ¶ 8.) I disagree. The Clinic admits sending the material into Michigan. Dr. Lichtwardt does not deny receiving it. Defendants' expertise, publicized by the mailings, was a factor motivating the referral. Dr. Lichtwardt's subjective belief that the material did not influence his referral does not limit federal jurisdiction.

2. I raised the possibility of transfer during oral argument on defendants' motion to dismiss and

asked the parties to submit supplemental briefs on this and related issues.

3. Section 1631, Title 28, authorizes transfer when "there is a want of jurisdiction." Although the language is broad enough to apply whenever a court lacks personal jurisdiction, the statute's legislative history indicates that it applies only when a court lacks subject matter jurisdiction. *See* S.Rep. No. 275, 97th Cong. 2d sess. 11, 30, *reprinted in* 1982 U.S.Code Cong. & Ad.News 11, 21, 40. *Accord Nose v. Rementer*, 610 F.Supp. 191, 192 (D.Del.1985). Since I have subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the statute is inapplicable.