Arlene NICHOLAS and Roy Nicholas,
her husband, Plaintiffs,

v.

Mohamad ASHRAF, Donald W. Wald
and the West Virginia University
Hospital, Inc., Defendants.

Civ. A. No. 86–2040.

United States District Court,
W.D. Pennsylvania.

March 23, 1987.

Thomas E. Crenney, Pittsburgh, Pa., for plaintiffs.

Robert B. Keddie, Pittsburgh, Pa., Donald Sensabaugh, Charleston, W.Va., Allen T. Lane, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

(1) Plaintiff wife, of Uniontown, Pennsylvania, seeks damages for alleged medical malpractice against a West Virginia hospital and against two West Virginia doctors. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332.

(2) Defendants move to dismiss for lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(2). In the alternative, defendants move for a transfer under 28 U.S.C. § 1404(a).

(3) According to plaintiff wife, she entered the West Virginia hospital on January 16, 1985, to undergo an exploratory laparotomy. She apparently was referred to the hospital by her treating physician in Uniontown, who earlier received mail solicitations from the West Virginia facility. Plaintiff also asserts, as a basis for personal jurisdiction, that the hospital accepted her for treatment expecting to be reim-

bursed by the Pennsylvania Department of Public Welfare.

(4) Defendants rejoin that they never solicited referrals of Pennsylvania patients, nor of plaintiff in particular. Further defendant hospital and physicians admit to no business or other contacts with this forum. Defendants argue that the only contact between this suit and this forum is the fortuity of plaintiff wife's domicile.

(5) To establish personal jurisdiction, plaintiffs must show that defendants have such minimum contacts with the forum state so that "the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). To determine whether minimum contacts are present to satisfy due process, courts focus on "the relationship among the defendant, the forum and the litigation." *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683 (1977).

■ (6) Applying the Pennsylvania long-arm statute in this diversity case, we must determine whether the cause of action arises from the defendants' forum or non-forum related activities. *Dollar Savings Bank v. First Security Bank of Utah,* 746 F.2d 208 (3d Cir.1984), 42 Pa.C.S.A. § 5301. We find the cause of action does not arise from defendants' forum related activities. No act by defendants either within or without Pennsylvania caused tortious harm within the state.

■ (7) Where the claim arises from defendants' non-forum related activities, "the plaintiff must demonstrate that in other respects the defendant has maintained 'continuous and substantial' forum affiliations." *Gehling v. St. George's School of Medicine, Ltd.,* 773 F.2d 539, 541 (3d Cir. 1985). We find that defendants have not maintained continuous and substantial forum contacts. Neither casual solicitation not directed to plaintiff nor the fact that Pennsylvania funds may be used to pay for medical bills rises to the level of contacts required by due process and *International Shoe, supra.* Accepting out-of-state referrals and out-of-state welfare reimburse-ments do not indicate that defendants "purposefully availed (themselves) of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

(8) This court held last year that indirect solicitation by a non-forum hospital of a Pennsylvania resident and acceptance of a Pennsylvania resident for treatment do not justify exercise of personal jurisdiction over the hospital in Pennsylvania. *Lorenz v. The Cleveland Clinic Foundation,* 657 F.Supp. 613 (W.D.Pa.1986, per Ziegler, J.).

■ (9) Defendants request a transfer to the District Court for the Northern District of West Virginia. Under 28 U.S.C. § 1406(a), "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Transfer under this statute is proper even though the transferor state lacks personal jurisdiction. *Reyno v. Piper Aircraft Co.,* 630 F.2d 149 (3d Cir.1980), *rev'd on other grounds,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Naartex Consulting Corp. v. Watt,* 722 F.2d 779 (D.C.Cir.1983), *cert. denied,* 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984). Because we find such a transfer in the interests of justice, we shall so order.

A written order will follow.