**Marsha Lee KENNEDY and Stephen Michael Kennedy, Plaintiffs,**

v.

**Robert G. FREEMAN, M.D., and Robert G. Freeman, M.D., P.A., Defendants.**

No. 88–C–1466–B.

United States District Court, N.D. Oklahoma.

April 20, 1989.

**1318**

Jerry M. Melone, Melone–Shepherd–Schroeder–Hart–Allred–Melone, Tulsa, Okl., for plaintiffs.

Joseph F. Glass, Thomas, Glass, Atkinson, Haskins, Nellis and Boudreaux, Tulsa, Okl., for defendants.

## ORDER

BRETT, District Judge.

This matter comes before the Court on a Motion to Dismiss of Defendants Robert G. Freeman, M.D. and Robert G. Freeman, M.D., P.A. Defendants contend the Court lacks *in personam* jurisdiction over them. The precise issue before the Court is: Does this Court have *in personam* jurisdiction over a nonresident physician and his professional association when the cause of action is for negligent diagnosis and analysis of skin cancer rendered in a foreign state (Texas) and the errors are reported back to the forum state (Oklahoma) where the wrong treatment is administered. Under the facts disclosed in the record the Court finds Defendants' contacts with the State of Oklahoma are insufficient to confer personal jurisdiction over them.

The facts are as follows: On July 1, 1982, Dr. Freeman received in Texas an unsolicited specimen slide for evaluation sent by Plaintiff Marsha Lee Kennedy's Oklahoma treating physician, Dr. Doss. Dr. Freeman supervises the operation of a special service pathology laboratory in Dallas, Texas. The laboratory has a highly specialized micrometer attached to a microscope. The specialized services performed are not otherwise available to Oklahoma residents. (Freeman Depo. p. 44). On July 6, 1982, Defendants mailed a report to Oklahoma advising Dr. Doss that the specimen sent measured 0.2 mm. thick. In fact, this report was incorrect and the specimen measured 1.2 mm. The thickness of a le-

sion, like the one sent, determines the treatment to be administered to the patient. Plaintiff alleges that due to the measurement error, no treatment or follow-up care occurred. Four years later Plaintiff discovered malignant melanoma had spread over her body. Plaintiff asserts that had the correct measurement been reported to Dr. Doss in 1982, Dr. Doss would have administered the proper treatment which would have stopped the spread of her cancer. Plaintiffs, Marsha Lee Kennedy and Stephen Michael Kennedy, brought suit for malpractice against the Texas physician and his professional association in Oklahoma where Plaintiffs reside.

"Whether a federal court has personal jurisdiction over a nonresident defendant in a diversity action is determined by the law of the forum state." *Yarbrough v. Elmer Bunker and Associates,* 669 F.2d 614 (10th Cir.1982). Oklahoma's law, 12 O.S. § 2004(F) provides:

"A court of this state may exercise jurisdiction on any basis consistent with the Constitution of the United States."

The United States Supreme Court held that before jurisdiction can be exercised, the Due Process Clause of the Fourteenth Amendment requires minimum contacts between the state exercising personal jurisdiction and the defendant. *International Shoe Co. v. State of Washington, et al.,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It is critical to due process that "defendant's conduct and connection with the forum state are such that he would reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Burger King v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). A minimum contacts inquiry must focus on the totality of the relationship between the Defendant and the forum state. *Colwell v. Triple T,* 785 F.2d 1330 (5th Cir.1986); *All American Car Wash v. NPE,* 550 F.Supp. 166 (W.D. Okla.1981). "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum

state." *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Further, contracting with an out-of-state party alone cannot automatically "establish sufficient minimum contacts in the other party's home forum." *Burger King v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

Defendants show that Dr. Freeman is a citizen and resident of the State of Texas. The professional association is incorporated in the State of Texas. Defendants do not have a certificate of authority to do business in the State of Oklahoma. Defendants are not licensed to do business in the State of Oklahoma. Defendants have never maintained an office, owned or rented any property in Oklahoma. Defendants do not have telephone listings in the State of Oklahoma. Defendants have not conducted any business or performed services within the State of Oklahoma. Defendants have no employees or agents in Oklahoma. Defendants have never solicited business in Oklahoma. (Robert G. Freeman Affidavit).

In *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415 (10th Cir.1988), the Tenth Circuit explained that Plaintiffs have the burden of establishing that the nonresident defendants have the necessary minimum contacts with the forum. Plaintiffs must show that bringing the suit in Oklahoma does not offend traditional notions of fair play and substantial justice. *International Shoe v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Plaintiffs argue that even though the medical services Defendants provide are performed completely within the State of Texas, the connection with Oklahoma is so continuous and substantial that jurisdiction does lie in Oklahoma. *Perkins v. Benguet Mining*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). Plaintiffs state that of the 45,000 slides examined by Defendants each year, at least 450 are sent by Oklahoma doctors. Doctors sending slides then receive back in Oklahoma a diagnostic report concerning the slide measurement.

The deposition testimony submitted to the court states that the slides received from Oklahoma were "less than 1%" of the total slides examined. (Freeman Depo. p. 26). Although Plaintiffs calculate this to mean 450 slides, the record does not conclusively establish this fact. Dr. Freeman testified that over a thirty-year period, he could remember only three different Oklahoma doctors who had sent him slides from time to time. (Freeman Depo. p. 27). The record before the Court does not specifically reflect how many slides from Oklahoma were received yearly. Plaintiffs also argue that because this is a specialized service which is not widely available, Defendants received slides from Arizona, Georgia, Missouri, South Carolina, Kentucky, Florida, Mississippi, Tennessee, California, New York, Illinois, Louisiana and Arkansas, and therefore they should reasonably anticipate being haled into court in Oklahoma. Plaintiff cites no authority for this theory. The "proper focus" is whether the contacts of the Defendants with the forum state, Oklahoma, "represent an effort by the Defendant to purposefully avail itself of the privilege of conducting activities within the forum state." *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415 (10th Cir.1988). Defendants' contacts with other states are not relevant in this situation.[1]

▮ Plaintiffs also contend that since these services are not available in Oklahoma, the report directed to Oklahoma is similar to a product placed in the stream of commerce. "Cases involving medical services are quite different from those involving other commercial activity." *Hume v. Durwood Medical Clinic*, 282 S.C. 236, 318 S.E.2d 119 (Ct.App.1984); *Soares v. Roberts*, 417 F.Supp. 304 (D.R.I.1976). "Unlike a case involving voluntary interstate or international economic activity ... the residence of a recipient of personal services rendered elsewhere is irrelevant and totally incidental to the benefits provided by the defendant at his own location." *Gelineau v. New York University Hospital*, 375

---

**1.** Plaintiffs also state Defendant Freeman's name and address appears in national publications and that he is an officer of American Society of Dermatopathology. This is insufficient to confer personal jurisdiction. *Beh v. Ostergard*, 657 F.Supp. 173 (D.N.M.1987).

F.Supp. 661, 667 (D.N.J.1974). The fact Defendants knew Plaintiff would be treated in Oklahoma is not sufficient to confer jurisdiction. *Glover v. Wagner*, 462 F.Supp. 308 (D.Neb.1978); *Hume v. Durwood Medical Clinic*, 282 S.C. 236, 318 S.E.2d 119 (Ct.App.1984); *Ballard v. Rawlins*, 101 Ill.App.3d 601, 56 Ill.Dec. 940, 428 N.E.2d 532 (1981). Foreseeability alone has never been a sufficient benchmark for personal jurisdiction. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The report sent in the present case was only incidental to the services rendered in Texas. *See, Kennedy v. Ziesmann*, 526 F.Supp. 1328 (E.D.Ky.1981).[2]

Accepting an out-of-state patient is not doing business within the foreign state. *Jackson v. Shepard*, 609 F.Supp. 205 (D.Az.1985); *Nicholas v. Ashraf*, 655 F.Supp. 1418 (W.D.Pa.1987). The unilateral action of the Plaintiff in seeking and obtaining the services of the Texas Defendants cannot serve to satisfy jurisdictional requirements. *Chancellor v. Lawrence*, 501 F.Supp. 997 (N.D.Ill.1980); *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).[3]

 The Court also finds that even if Defendants have accepted a significant number of slides from Oklahoma it would still not have personal jurisdiction over these Defendants. Other jurisdictions have addressed the issue whether personal jurisdiction lies when a nonresident medical physician or medical facility has accepted many patients from the forum state. Unless there is some form of solicitation from the nonresident defendant aimed at the forum,[4] jurisdiction does not lie if all the services are rendered outside the forum state. *Walters v. St. Elizabeth Hospital*, 543 F.Supp. 559 (W.D.Pa.1982); *Wolf v. Richmond County Hospital*, 745 F.2d 904 (4th Cir.1984); *Kennedy v. Ziesmann*, 526 F.Supp. 1328; *Ballard v. Rawlins*, 101 Ill. App.3d 601, 56 Ill.Dec. 940, 428 N.E.2d 532 (1981); *Ursini v. Menninger*, 384 F.Supp. 158 (E.D.Cal.1974).

Restrictions on personal jurisdiction of state courts are more than a guarantee of immunity from inconvenient or distant litigation; they are a "consequence of territorial limitations on the power of the respective states." *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The Court finds that exercising personal jurisdiction over these Defendants would offend traditional notions of fair play and substantial justice. *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Moreover, although the forum state's interest[5] in deterring negligent interstate medical service is substantial,[6] the principal state interest is that forum state residents have access to adequate, if not the best available medical services regardless of state lines. If Oklahoma asserts jurisdiction over every out-of-state doctor who accepts unsolicited patients from Oklahoma, one foreseeable result is that Oklahoma residents would be denied medical treatment in highly specialized fields. *Kennedy v. Ziesmann*, 526 F.Supp. 1328 (E.D.Ky.1981).

Therefore, Defendants' Motion to Dismiss is hereby SUSTAINED for want of *in personam* jurisdiction.

IT IS SO ORDERED.

---

**2.** *But see, McGee v. Riekhof*, 442 F.Supp. 1276 (D.Mont.1978). *But Cf. Wright v. Yackley*, 459 F.2d 287 (9th Cir.1972), n. 4.

**3.** The Court recognizes that the communications with Defendants were actually made by Plaintiff Marsha Lee Kennedy's Oklahoma treating physician not by Plaintiff herself. The analysis does not change, however, because the focus is on Defendants and what contacts they had with Oklahoma.

**4.** For cases involving solicitation, refer to *Lemke v. St. Margaret Hospital*, 552 F.Supp. 833 (N.D.Ill.1982); *Cubbage v. Merchent*, 744 F.2d 665 (9th Cir.1984); *Pijanowski v. Cleveland Clinic*, 635 F.Supp. 1435 (E.D.Mich.1986).

**5.** Another factor relevant to a due process inquiry is state interest. *Wright v. Yackley*, 459 F.2d 287 (9th Cir.1972).

**6.** *Wright v. Yackley*, 459 F.2d 287 (9th Cir.1972), n. 4.