69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 AMERADA HESS CORPORATION, Plaintiff-Appellee,
v.
DIAMOND SERVICES CORPORATION, Defendant,
and
C.H. FENSTERMAKER & ASSOCIATES, INC., Defendant-Appellant.
 No. 94-5207.
 United States Court of Appeals, Tenth Circuit.
 Oct. 27, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE, BARRETT, and WEIS,* Circuit Judges.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant C.H. Fenstermaker & Associates, Inc., a Louisiana corporation (Fenstermaker), appeals from a jury verdict in favor of plaintiff Amerada Hess Corporation, a Delaware corporation (Amerada Hess), which found Fenstermaker had negligently surveyed and staked an oil and gas test well site for Amerada Hess. Fenstermaker contends that (1) the district court did not have personal jurisdiction over it; (2) Amerada Hess did not present sufficient evidence of its damages; (3) Amerada Hess failed to join the proper party as a plaintiff in the action; and (4) the district court erred in not instructing the jury concerning the possible negligence of two parties not named in the action. We affirm.
 
 
 4
 The head of Amerada Hess's onshore drilling services department, which had its offices in Tulsa, Oklahoma, requested Fenstermaker to survey and stake a location for an oil and gas test well in Louisiana's wetlands. Fenstermaker surveyed and staked the wrong location. Amerada Hess discovered this error and Fenstermaker surveyed and staked the correct well site prior to any drilling. However, Fenstermaker did not remove the stakes at the incorrect site. The company hired to dredge the well site found stakes at, and dredged, the incorrect well site. Then, the drilling rig was moved onto the dredged site, without anyone realizing it was at the incorrect site. After several weeks of drilling, Amerada Hess realized it was drilling at the wrong location. It directionally drilled from the wrong well site to reach the correct well site, and then brought this action against Fenstermaker for breach of contract and negligence.
 
 I.
 
 5
 The jury returned a verdict in favor of Amerada Hess on its negligence theory, but in favor of Fenstermaker on the breach of contract claim. The jury awarded damages of $1,001,700, finding Fenstermaker 70% negligent under a comparative negligence instruction.
 
 I.
 
 6
 Fenstermaker first contends that the district court lacked personal jurisdiction over it because it had insufficient contacts with Oklahoma. We review the district court's determination of personal jurisdiction de novo. Kennedy v. Freeman, 919 F.2d 126, 128 (10th Cir.1990). Jurisdiction of the district court over a nonresident defendant in a suit based on diversity is determined by the law of the forum state. Fed.R.Civ.P. 4(e); Rambo v. American S. Ins. Co., 839 F.2d 1415, 1416 (10th Cir.1988).
 
 
 7
 "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1074 (10th Cir.1995). Oklahoma's long-arm statute jurisdiction is coextensive with the constitutional limitations imposed by the due process clause. Okla. Stat. Ann. tit. 12, 2004.F (West 1993); Kennedy, 919 F.2d at 128.
 
 
 8
 The due process requirements are satisfied if a nonresident defendant has " 'minimum contacts' with the forum state such that a court may view that defendant as having 'purposefully availed' itself of the protection and benefits of the laws of the forum state." Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop., 17 F.3d 1302, 1305 (10th Cir.1994)(applying Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473-476 (1985)).
 
 
 9
 Jurisdiction may not be avoided merely because the defendants were not physically present in the forum. Burger King, 471 U.S. at 476. Telephone calls and letters may provide sufficient contacts for the exercise of personal jurisdiction, and, in some circumstances, even a single letter or phone call to the forum state may meet due process standards. Rambo, 839 F.2d at 1418.
 
 
 10
 The evidence here shows that although Fenstermaker did not physically enter Oklahoma, it did purposefully direct its actions there. It accepted employment from the Amerada Hess division which had its offices in Tulsa, Oklahoma. It had numerous telephone conversations concerning its services over a period of more than six months with Amerada Hess's personnel in Tulsa. Fenstermaker mailed and faxed numerous documents relating to its permitting and surveying services and the well's location to Amerada Hess in Tulsa. And, it sent its bill for services to, and received payment from, Amerada Hess's Tulsa offices. See Kennedy, 919 F.2d at 129 (finding Oklahoma had personal jurisdiction where defendant accepted services from Oklahoma plaintiff and sent bill for his services to Oklahoma).
 
 
 11
 Fenstermaker relies heavily on the fact that Amerada Hess first contacted it, and therefore, that it did not solicit business from Oklahoma. However, "[w]hether a 'party solicited the business interface is irrelevant, so long as defendant then directed its activities to the forum resident.' " Kennedy, 919 F.2d at 129 (quoting Lanier v. American Bd. of Endodontics, 843 F.2d 901, 910 (6th Cir.), cert. denied, 488 U.S. 926 (1988)).
 
 
 12
 Fenstermaker's contacts with Amerada Hess in Oklahoma were enough to establish jurisdiction. Its activities are sufficient for it to have had fair warning that it could be sued there. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Thus, we conclude the district court correctly determined it had personal jurisdiction over Fenstermaker.
 
 II.
 
 13
 Fenstermaker next contends that the district court erred in denying its motions for a directed verdict and for judgment as a matter of law on the grounds that Amerada Hess presented insufficient evidence, as a matter of law, to prove its damages. Specifically, it contends Amerada Hess's claim for damages must be disallowed because its proof of loss consisted only of the testimony of its own engineers, without supporting documentation. Fenstermaker also argues the district court erroneously allowed Amerada Hess to present a summary of an element of its damages during its rebuttal case.
 
 
 14
 We review rulings on motions for a directed verdict and for judgment as a matter of law de novo, Transpower Constructors v. Grand River Dam Authority, 905 F.2d 1413, 1416 (10th Cir.1990), and determine whether there is evidence upon which the jury could properly find a verdict for the party against whom the motion is directed. Brown v. Wal-Mart Stores, Inc., 11 F.3d 1559, 1563 (10th Cir.1993). We review the evidentiary rulings of a district court for abuse of discretion. Faulkner v. Super Valu Stores, Inc., 3 F.3d 1419, 1433 (10th Cir.1993).
 
 
 15
 "Although federal law dictates whether a judgment as a matter of law is appropriate, in a diversity action, we examine the evidence in terms of the underlying burden of proof as dictated by state law." Brown, 11 F.3d at 1563 (citation omitted). Here, although it is not clear from the briefs or the record presented to us whether the district court applied Oklahoma or Louisiana law, the result does not differ under the law of either state.
 
 
 16
 Under Oklahoma and Louisiana law, reasonable approximations of loss can be sufficient evidence of damages:
 
 
 17
 Although the jury may not speculate about the fact of damages, uncertainty about their exact amount will not preclude recovery. Once a party has established the fact of damages, moreover, 'it is proper to let the jury determine what the loss is from the best evidence the nature of the case admits.' This evidence need not support a mathematically precise measure of damages.
 
 
 18
 Transpower Constructors, 905 F.2d at 1416 (applying Oklahoma law) (citations omitted); Mobil Exploration & Producing U.S., Inc. v. Cajun Constr. Servs., Inc., 45 F.3d 96, 102 n. 20 (5th Cir.1995)(same, applying Louisiana law). It is sufficient if the evidence shows the extent of the damages as a matter of just and reasonable inference. Larrance Tank Corp. v. Burrough, 476 P.2d 346, 350 (Okla.1970).
 
 
 19
 And, the Fifth Circuit recently rejected an argument that under Louisiana law, evidence of the fact and amount of damages must be by direct proof. Mobil, 45 F.3d at 102 n. 19. It explained, "[u]nder Louisiana law, the plaintiff must prove damages with reasonable certainty, but this merely means that the plaintiff must prove damages by a preponderance of the evidence as in other civil contexts." Id. at 101-102. Although the "better practice" may be to introduce corroborating testimony, proof of damages under Louisiana law "may even consist only of the plaintiff's own reasonable testimony, if accepted as truthful." Jordan v. Travelers Ins. Co., 245 So.2d 151, 155 (La.1971).
 
 
 20
 Our review of the record reveals sufficient evidence to support the jury's award of $1,001,700. Amerada Hess's petroleum engineer testified that the damage or amount of extra money that it cost Amerada Hess to drill the directional well was $1,937,000. The engineer testified he determined this amount by reviewing Amerada Hess's 700 invoices, as well as his review of the daily drilling reports. Amerada Hess did not introduce the invoices into evidence, but they were available in the courtroom during the trial.
 
 
 21
 Fenstermaker did not object to the competency of the engineer's testimony, nor did it object to the admission of any chart or summary on the grounds that it did not comply with Fed.R.Evid. 1006. Fenstermaker did attempt to discredit the testimony of Amerada Hess's engineer because the invoices were not in the record. Thus, it was within the province of the jury to determine the facts and weigh the evidence.
 
 
 22
 Further, the district court's admission of testimony and a chart during Amerada Hess's rebuttal case summarizing its expenses incurred in drilling at the wrong well site was not an abuse of its discretion. The evidence was offered in rebuttal to the testimony of Fenstermaker's damage expert that the damages should have been less than that testified to by Amerada Hess's engineer.
 
 III.
 
 23
 Fenstermaker next contends the district court erred in not granting its motion for directed verdict or for judgment as a matter of law on the grounds that Amerada Hess's partner in the drilling of the oil well, Conoco, was not named as a party. It is not clear from the parties' briefs or the record on appeal whether Fenstermaker contends Conoco is a "real-party-in-interest" under Fed.R.Civ.P. Rule 17, or an "indispensable party" under Fed.R.Civ.P. Rule 19.
 
 
 24
 Fenstermaker did not raise its improper party defense concerning Conoco's absence until the close of Amerada Hess's case at trial, and gave no explanation for its delay. Thus, to the extent Fenstermaker was arguing Conoco was the real party in interest, the district court did not abuse its discretion in ruling that Fenstermaker waived this defense by failing to raise it before the start of the trial. See Hefley v. Jones, 687 F.2d 1383, 1388 (10th Cir.1982); Harris v. Illinois-California Express, Inc., 687 F.2d 1361, 1373-74 (10th Cir.1982).
 
 
 25
 Further, the district court did not abuse its discretion in refusing to dismiss the action for want of an indispensable party. The determination whether a particular nonparty must be joined under Rule 19 " 'has to be made in terms of the general policies of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them.' " Knutzen v. Eben Ezer Lutheran Hous. Ctr., 815 F.2d 1343, 1356 (10th Cir.1987)(quoting 7 Charles Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure 1604, p. 40 (2d ed.1986)); see also Fed.R.Civ.P. Rule 19(b)(listing factors to be considered); Francis Oil & Gas, Inc. v. Exxon Corp., 661 F.2d 873, 876 (10th Cir.1981).
 
 
 26
 Here, there is no evidence that the interest possessed by Conoco would be prejudiced by its absence or that Fenstermaker would be subject to multiple litigation. Amerada Hess presented evidence that Conoco ratified commencement of this action and agreed to be bound by its outcome. Thus, it appears that the interest of Conoco was aligned with that of Amerada Hess, and that Fenstermaker is not subject to a subsequent suit by Conoco. And, the district court was entitled to consider Fenstermaker's undue delay in raising its indispensable party defense as a reason to deny the motion. See Advisory Committee Note to the 1966 Amendment to Rule 19.
 
 IV.
 
 27
 Fenstermaker finally contends the district court erred in refusing to give a jury instruction concerning the negligence of the drilling contractor and the consulting drilling engineer, neither of whom were parties to the action. The substance of jury instructions in diversity questions is a matter of state law, but the grant or denial of a requested jury instruction is governed by federal procedure. Holt v. Deere & Co., 24 F.3d 1289, 1292 (10th Cir.1994). We review the district court's refusal to give a jury instruction for an abuse of discretion. Green v. Denver & Rio Grande Western R.R., 59 F.3d 1029, 1034 (10th Cir.1995). It is error to give an instruction on a theory which does not have sufficient evidence in the record to support its submission to the jury. Hinds v. General Motors Corp., 988 F.2d 1039, 1046 (10th Cir.1993). "There must be more than a mere scintilla of evidence to support an instruction." Farrell v. Klein Tools, Inc., 866 F.2d 1294, 1297 (10th Cir.1989).
 
 
 28
 Our review of the record reveals no evidence indicating that either the drilling contractor or the consulting drilling engineer breached any duty of care they owed to Amerada Hess. Thus, the district court properly refused Fenstermaker's comparative negligence instruction.
 
 
 29
 For the reasons expressed above, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 *
 Honorable Joseph F. Weis, Jr., Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation