Augustine GONZALES, Plaintiff,

v.

M.K. CHANDEL, M.D., a/k/a Mahendra Kumar Chandel, M.D., Stevens County Hospital, Stevens County Hospital Rural Health Clinic, a/k/a Stevens County Medical Clinic and David G. Muthali, M.D., Defendants.

Civil Action No. 96–1392–JTM.

United States District Court, D. Kansas.

July 31, 1998.

---

Francis C. McMaster, McMaster & McMaster, Wichita, KS, Fred Spigarelli, Spigarelli, McLane & Short, Pittsburg, KS, for Augustine Gonzales.

Jim Lawing, Wichita, KS, J. Stephen Walker, Ontonagon, MI, for M.K. Chandel.

**1.** According to the complaint, plaintiff resided in Oklahoma at the time the action was filed. (Doc. 1).

Thomas M. Sutherland, Brent G. Wright, Holbrook, Heaven & Fay, P.A., Kansas City, KS, for Stevens County Hosp. and Stevens County Hosp. Rural Health Clinic.

Gary M. Austerman, Christopher A. McElgunn, Klenda, Mitchell, Austerman & Zuercher, L.L.C., Wichita, KS, for David G Muthali.

## MEMORANDUM AND ORDER

MARTEN, District Judge.

This is a medical malpractice action. The matter is before the court on defendant David Muthali, M.D.'s motion to dismiss for lack of personal jurisdiction. (Doc. 30).

The plaintiff, a resident of Hugoton, Kansas, at the time of the alleged malpractice,[1] was referred to defendant Muthali by his Hugoton physician, defendant Chandel. Dr. Muthali practices medicine at Texas Tech University in Amarillo, Texas. Muthali had never met plaintiff or Dr. Chandel, had never been to Kansas, and had never advertised or solicited business in Kansas.

Muthali first saw plaintiff on September 16, 1994, for treatment of a pulmonary condition. Dr. Muthali suggested plaintiff get sputum smears collected in Kansas and have them sent back to him in Texas. Muthali contacted Chandel, who agreed to coordinate the sending of the sputum samples to Texas.

Plaintiff returned to Texas to see Muthali on September 30, 1994. At that time, Muthali recommended hospitalization at Northwest Texas Hospital in Amarillo for treatment of tuberculosis. The plaintiff declined, stating he wanted to go to Steven County Hospital in Hugoton, Kansas. Muthali, therefore, sent a fax to Dr. Chandel stating his recommendations for treatment, including length of hospital stay, course of four-drug therapy, and further testing. Dr. Muthali requested to see the plaintiff again after four weeks.

Plaintiff alleges Dr. Muthali misdiagnosed his condition, failing to discover that plaintiff had lung cancer.

K.S.A. § 60–308(b)(2) provides that the Kansas courts have jurisdiction over a person who "commi[ts] a tortious act within this state." The Kansas long arm statute is construed liberally to allow personal jurisdiction to the full extent permitted by due process. *Federated Rural Elec. v. Kootenai Elec.*, 17 F.3d 1302, 1305 (10th Cir.1994).

A plaintiff may demonstrate a defendant has had sufficient minimum contacts with the forum state in one of two ways. Specific jurisdiction exists when the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws, and the claims against it arise out of those contacts. *Kuenzle v. HTM Sport–Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir.1996). General jurisdiction lies when the defendant's contacts with the forum state are so continuous and systematic that the state may exercise personal jurisdiction even when the claims are unrelated to the defendant's contacts with the forum state. *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1532–33 (10th Cir.1996).

The issue in this case is one of specific jurisdiction. Dr. Muthali contends he did not purposefully avail himself of the privilege of conducting business in Kansas because he never set foot in the state, never solicited business in Kansas, and only saw the plaintiff as a result of the plaintiff's own (or his Kansas physician's) unilateral actions. The court disagrees.

In *Kennedy v. Freeman*, 919 F.2d 126 (10th Cir.1990), the Tenth Circuit Court of Appeals held that the Oklahoma district court had personal jurisdiction over a Texas physician who willingly accepted tissue samples from Oklahoma, tested the samples in Texas, and sent the results, along with his bill, back to Oklahoma, knowing the importance of the tests for plaintiff's treatment in Oklahoma. *Id.* at 129. Like the Kansas law, the reach of the Oklahoma long arm statute is as broad as the Constitution allows. *Id.* (quoting Okla.Stat. tit. 12, § 2004(f)). The court held that although Dr. Freeman, like Dr. Muthali in this case, did not solicit business in the forum state, he did direct his actions there. *Id.*

In this case, there is no evidence that Dr. Muthali mailed his test results back to Kansas, and there is no evidence where his bill was sent. He did, however, call Dr. Chandel in Kansas and fax information to him. He asked Dr. Chandel's office to send him sputum samples for testing. Furthermore, while the defendant in *Kennedy* knew the results of his tests would determine the course of the plaintiff's treatment, here Dr. Muthali directly told Dr. Chandel what treatment the plaintiff should receive in light of the test results. The court concludes under the Tenth Circuit's holding in *Kennedy* that this case meets the "purposeful availment" requirement, giving this court jurisdiction over Dr. Muthali. *See also Ray v. Heilman*, 660 F.Supp. 122 (D.Kan.1987) (holding district court in Kansas had personal jurisdiction over Missouri doctor who telephoned prescription to Kansas pharmacist, arranged for decedent to have monthly tests in Kansas and for the results to be communicated to him in Missouri, and consulted with decedent several times over the phone about his condition).

**IT IS BY THIS COURT THEREFORE ORDERED** that defendant David G. Muthali, M.D.'s motion to dismiss for lack of personal jurisdiction (Doc. 30) is hereby denied.