**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JONATHAN T. GARRETT,

        Plaintiff - Appellant,

v.

GEORGE KLINGNER, Chief of
Medical Services, Springfield,
Missouri,

        Defendant - Appellee.

No. 00-1185
(No. 97-Z-1217)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA**, Chief Judge, **LUCERO**, Circuit Judge, and **BROWN**, District Judge. **

---

      Appellant Jonathan T. Garrett is a federal inmate serving a life sentence at

the United States Penitentiary Administrative Maximum Facility ("ADX") in

---

     * This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The Court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

     ** The Honorable Wesley E. Brown, Sr., Senior District Judge of the
United States District Court for the District of Kansas, sitting by designation.

Florence, Colorado.  He brought this    <u>Bivens</u>[1] case in the United States District Court for the District of Colorado against a number of parties, including appellee George Klingner, alleging denial of medical care in violation of the Eighth Amendment.  Claiming that he did not have sufficient contacts with the forum state, Colorado, appellee filed a motion to dismiss for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  The district court adopted a magistrate's report and recommendation and dismissed appellee as a party on that basis.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

Appellant's shoulder was injured during a prison yard fight on June 14, 1995.  According to the complaint, his condition was ignored until August 25, 1995, when the shoulder injury was diagnosed by Dr. Jere Sutton.  Although Dr. Sutton recommended reconstructive surgery, appellant was not transferred to the United States Medical Center for Federal Prisoners ("USMCFP") in Springfield, Missouri, for consultation with an orthopedic surgeon until May 1996.  Appellant alleges that "by that time, the delay in obtaining proper medical treatment . . . had been so delayed that the stabilization and reconstructive surgery was not able to be performed with any degree of success that allowed [him] to obtain maximum

---

[1] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

medical benefit for his severe shoulder injury." (Appellant's App. Doc. 1 at 2.)

Appellee is the Director of Medical Services at USMCFP in Springfield, Missouri. He is alleged to have been "partly responsible for the transfer of [appellant] to Springfield Medical Services for treatment" and to have "failed in his duty to transfer [appellant] for treatment of his shoulder injury." (        Id. at 3, 5.) In an affidavit submitted with his motion to dismiss, he stated that he did "not own any real estate, conduct any business, or perform any official duties in the State of Colorado and none of the events described in the complaint concerning me occurred in Colorado." (Appellant's App. Doc. 10 at 2.) Appellee attested:

> 5. I had no responsibility for transferring plaintiff from ADX Florence to the USMCFP. Medical transfers are handled by the Medical Designations Department in the BOP's Central Office in Washington, D.C.
> . . .
> 7. I had no responsibility for providing medical care for the plaintiff during his incarceration at ADX Florence.

(Id.)

## II

We review the district court's dismissal for lack of personal jurisdiction de novo. Soma Med. Int'l v. Standard Chartered Bank     , 196 F.3d 1292, 1295 (10th Cir. 1999). The magistrate judge treated appellee's motion to dismiss as a motion for summary judgment, Fed. R. Civ. P. 56, which is to say that the motion was decided on the basis of affidavits or other written materials. (Appellant's Br.

-3-

Doc. 5 at 3.)  As a result,

> [t]he allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.  If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.

Kennedy v. Freeman, 919 F.2d 126, 128 (10th Cir. 1990) (quoting Behagen v. Amateur Basketball Ass'n of the United States, 744 F.2d 731, 733 (10th Cir. 1984)).

## A

Colorado's long-arm statute, Colo. Rev. Stat. § 13-1-124, extends jurisdiction of courts in Colorado "to the fullest extent permitted by the due process clause of the United States Constitution."  Mr. Steak, Inc. v. District Court, 574 P.2d 95, 96 (Colo. 1978) (en banc).  "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'"  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471–72 (1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)).

> [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'

Int'l Shoe, 326 U.S. at 316 (quoting Milliken v. Meyer, 311 U.S. 457, 463

-4-

(1940)). A court may "assert specific jurisdiction over an out-of-state defendant . . . if the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." Burger King, 471 U.S. at 472 (quotations omitted). "[I]t is essential in each case that there be some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958) (citations omitted).

If the out-of-state defendant purposefully established minimum contacts in the forum state, we then consider whether assertion of personal jurisdiction comports with "fair play and substantial justice." Burger King, 471 U.S. at 476 (quotation omitted). In doing so, we

> may evaluate the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.

Id. at 477 (internal quotations omitted).

## B

Appellant argues that the district court should have asserted personal jurisdiction over appellee because he "purposefully availed himself of the benefits of Colorado law." (Appellant's Br. at 8.) He points to the facts that as

part of his employment, appellee treated inmates from the forum state—as well as inmates "from all over the country"—and supervised the medical care delivery process at USMCFP. (Appellant's Reply Br. at 11.) These facts fall short of the contacts required to satisfy due process.

In Kennedy , we held that an Oklahoma district court could assert specific personal jurisdiction over a Texas doctor, Freeman, who had accepted a sample of an Oklahoma patient's removed lesion from an Oklahoma physician for special measurement. 919 F.2d at 129. The patient sued, alleging that Freeman's measurement was negligent and that as a result malignant melanoma had spread over her body. Although Freeman did not solicit the patient's business in Oklahoma, he directed his actions to the forum state patient by accepting the sample, signing a report of the sample's measurement, and sending his bill to Oklahoma. Id. ("Freeman rendered his diagnosis to Kennedy in Oklahoma, through the mail, knowing its extreme significance and that it would be the basis of Kennedy's further treatment there.").

Unlike Kennedy , appellant's alleged injuries did not "arise out of or relate to" appellee's activities. Burger King , 471 U.S. at 472 (quotation omitted); see Kennedy , 919 F.2d at 129 ("Whether a 'party solicited the business interface is irrelevant, so long as defendant then directed [his] activities to the forum resident .'" (quoting Lanier v. Am. Bd. of Endodontics , 843 F.2d 901, 910 (6th

-6-

Cir. 1988)) (emphasis added)). In his unrefuted affidavit, appellee attested he "had no responsibility for providing medical care for the plaintiff during his incarceration." (Appellant's App. Doc. 10 at 2.) That he has supervised an out-of-state medical facility that has treated patients from Colorado and that he has treated such patients himself in the past do not suffice to establish the requisite minimum contacts. We need not consider whether assertion of personal jurisdiction would comport with fair play and substantial justice.

### III

The district court's dismissal of appellee as a party for lack of personal jurisdiction is **AFFIRMED** .

Entered for the Court


Carlos F. Lucero
Circuit Judge