Donna W. WORTHY and Thomas F. Worthy, Plaintiffs,

v.

James J. BARTLEY, Jr. D.P.M., Individually,and d/b/a Foot & Ankle of West Georgia, P.C. and Foot and Ankle Surgery Center, L.L.C., Defendants.

No. CIV.A.04–A–47–E.

United States District Court, M.D. Alabama, Eastern Division.

March 5, 2004.

William T. Harvey, Whatley Drake, LLC, Birmingham, AL, Kenneth Leroy Funderburk, Funderburk, Day & Lane, Phenix City, AL, for Donna W. Worthy, Thomas F. Worthy, plaintiffs.

Robert C. (Mike) Brock, Richard B. Garrett, Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, AL, for James J. Bartley, Jr., D.P.M., Individually and dba Foot & Ankle of West Georgia, P.C., Foot and Ankle Surgery Center, L.L.C., defendants.

### *MEMORANDUM OPINION AND ORDER*

ALBRITTON, Chief Judge.

### I. *INTRODUCTION*

This cause is before the court on a Motion to Dismiss filed by the Defendants on January 21, 2004 (Doc. # 4).

The Plaintiff originally filed a Complaint in this case in the Circuit Court of Russell County, Alabama. The Plaintiffs bring claims of negligence (Count 1), failure to obtain informed consent (Count 2), fraud (Count 3), willfulness/wantonness (Count 4), and loss of consortium (Count 5). The Defendants removed the case to this court on the basis of diversity jurisdiction. No Motion to Remand was filed.

The Defendants seek to have the case dismissed for lack of in personam jurisdiction. The Defendants also state that they alternatively request that the case be

transferred to Georgia on the basis of *forum non conveniens.*

For the reasons to be discussed, the Motion to Dismiss is due to be DENIED.

## II. *FACTS*

The Plaintiffs are residents of the City of Phenix City in Russell County, Alabama. Plaintiff Donna W. Worthy responded to an advertisement of the Defendants for podiatric services. She subsequently underwent surgery on her right foot at the Defendants' office in Columbus, Georgia, which is just across the river from Phenix City. She alleges that this surgery was negligently performed and has resulted in permanent damage to her foot.

The Defendants run advertisements in the yellow pages of Columbus–Phenix City phone books which are distributed in Columbus, Georgia and in Phenix City, Alabama, but not at the direction of the Defendants. The Defendants have paid for advertising in Phenix City, Alabama newspapers when new physicians joined the office. The Defendants accept, and advertise that they accept, insurance coverage from Blue Cross and Blue Shield of Alabama. The Defendants do not operate any offices in Alabama, have no employees in Alabama, and are not licenced to conduct business in Alabama.

## III. STANDARD FOR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

■ In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant. *Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir. 1988) (citations omitted). A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict. *Morris,* 843 F.2d at 492. The court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony. *Id.* (citations omitted). Moreover, where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff. *Delong Equip. Co. v. Washington Mills Abrasive Co.,* 840 F.2d 843, 845 (11th Cir.1988).

## IV. *DISCUSSION*

■ Determining personal jurisdiction requires two inquiries. The first step involves determining whether the forum state's long-arm statute provides a basis for jurisdiction. *See Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 855 (11th Cir.1990). If it does, then the court must determine whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Alabama's long-arm statute provides for the exercise of personal jurisdiction over the defendant for (A) transacting any business in the state, (B) contracting to supply goods or services in the state, (C) causing tortious injury or damage by an act or omission in the state; (D) causing tortious injury by an act or omission outside the state while doing regular business in the state, (E) causing injury or damage in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person might reasonably have expected such other person to use, consume, or be affected by the goods in this state, provided that the person also regularly does business in the

state (F) having an interest in real property in the state, (G) contracting to insure any person, property, or risk located within this state at the time of contracting, (H) living in the marital relationship within this state notwithstanding subsequent departure from this state, as to particular obligations, if the other party to the marital relationship continues to reside in the state, or (I) otherwise having sufficient minimum contacts such that it is fair and reasonable to require defense of suit in the state. Ala. R. Civ. P. 4.2(a)(2).

■ Although the Plaintiffs contend that factor (D) of the Alabama statute is met, which the Defendants contest, the Defendants acknowledge that the jurisdiction of Alabama courts reaches the full extent permissible under the due process clause of the Fourteenth Amendment. *See Alabama Waterproofing Co., Inc. v. Hanby,* 431 So.2d 141, 145 (Ala.1983); *see also Olivier v. Merritt Dredging Co., Inc.,* 979 F.2d 827, 830 (11th Cir.1992). The court will, therefore, turn to factor (I) to determine whether the exercise of in personam jurisdiction in this case satisfies due process.

■ In personam jurisdiction complies with due process when (1) the nonresident defendant has purposefully established minimum contacts with the forum state, and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. *Olivier,* 979 F.2d at 830–31.

■ There are two types of personal jurisdiction: specific and general. Specific personal jurisdiction is founded on a party's contacts with the forum state that are related to the cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 nn. 8, 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) General personal jurisdiction arises from a party's contacts

with the forum state that are unrelated to the litigation. *Id.* In evaluating whether traditional notions of fair play and substantial justice are met, the court must consider the burden on the defendant in defending the suit in the jurisdiction, the jurisdiction's interest in adjudicating the suit, the plaintiff's interest in obtaining effective relief, the interests of the interstate judicial system in using resources efficiently, and the interest of the state in furthering shared substantive policies. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

■ In this case, the Plaintiffs have argued that the Defendants solicit business from Alabama residents by placing listings and advertisements in phone directories that serve both Georgia and Alabama, and by placing advertisements in newspapers that circulate in Alabama. The Plaintiffs also point out that the Defendants accept insurance coverage from Blue Cross and Blue Shield of Alabama, that they advertise that they accept such insurance coverage, and that they accepted Donna Worthy's coverage under such a plan. Donna Worthy has also provided an affidavit in which she states that she saw an advertisement for the Defendants in the Phenix City BellSouth Yellow Pages, and that it was based upon that ad that she called and made her initial appointment with the Defendants. *See* Plaintiff's Exhibit 6.

The Defendants dispute that they have engaged in substantial activities in the State of Alabama. They provide the affidavit of Defendant James J. Bartley, Jr. in which he states that there is no way for a practicing physician to be listed in the Columbus, Georgia yellow pages and limit distribution to the State of Georgia. He further states that the practice has only advertised in the *Phenix Citizen* newspa-

per during one time frame to announce that new doctors were joining the practice.

The evidence before the court is not merely that the Defendants had a telephone listing in a publication the distribution of which they did not control, but that advertisements were placed in the telephone directories that served both Columbus and Phenix City, as well as smaller nearby communities in both Georgia and Alabama.[1] In another publication that reached communities in both Georgia and Alabama, a Health Advantage Special Advertising Section in the *Columbus Ledger Enquirer* in January 2004, the Defendants advertised that they accept Blue Cross and Blue Shield of Alabama insurance. Similar statements were included in the advertisements published in the *Phenix Citizen & Smith's Station Good News,* announcing new physicians in the Defendants' business in 2003.

The foreseeability that is critical in an analysis of minimum contacts is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Olivier,* 979 F.2d at 833. A defendant should reasonably anticipate being haled into court if there is some act by which the defendant purposefully availed itself of conducting activities within the forum state. *Id.* The evidence presented in this case meets that standard.

The fact that some of the advertisements which have been provided as evidence to this court were included in a publication with a wider scope than the forum state, but not national in scope, is not dispositive. In *Ex parte Pope Chevrolet, Inc.,* 555 So.2d 109, 114 (Ala.1989), the Alabama Supreme Court, applying federal due process principles, found it significant to the personal jurisdiction analysis in that case that the defendant, a Georgia car dealership, advertised in a regional newspaper, the *Atlanta Constitution,* and with an Atlanta, Georgia television station. The court acknowledged that this advertising was not aimed at Alabama residents, *id.* at 113, but determined because of this advertising, and the fact that the dealership did some business with residents of Alabama, it could conclude that the defendant solicited sales outside of Georgia. *Id.* at 114.

Similarly, in this case, the acceptance of Blue Cross and Blue Shield of Alabama insurance indicates that the Defendants did business with residents of Alabama, and the advertisements placed by the Defendants either reached Alabama citizens through a publication directed at multiple communities, or were included in an actual Alabama publication. Accordingly, under the persuasive analysis in *Ex Parte Pope Chevrolet,* the evidence of advertising in this case establishes that there are sufficient minimum contacts with the forum state even though the advertising reached communities both within and outside of Alabama, but not nationwide.

Although *Ex Parte Pope Chevrolet,* and other cases relying on advertising as solicitation of business often involve vehicles or other products, the court does not find those cases distinguishable merely on that basis. The Tenth Circuit has explained that in the context of doctor-patient litigation, rules have evolved to ensure that personal jurisdiction is asserted based not on random, fortuitous, or unilateral acts of the patients, but on the doctor's own purposeful availment of the privileges of con-

---

1. Although the advertisements provided as evidence were published after the events in question began, the Defendants do not dispute that such advertisements were run during the time period in which Donna Worthy contacted the Defendants, and Donna Worthy has stated in her her affidavit that she relied on an advertisements in the telephone directory.

ducting business. *Kennedy v. Freeman,* 919 F.2d 126, 129 (10th Cir.1990). One way in which courts have found jurisdiction over nonresident doctors has been "where doctors or hospitals have intentionally solicited business from a state ...." *Id.* (collecting cases). This court is persuaded by this analysis. The court concludes, therefore, that the advertising in this case, including pointing out the Defendants' acceptance of Alabama insurance, was a purposeful availment of business in Alabama and is sufficient to subject the non-resident physician Defendants to personal jurisdiction in Alabama.

■ The court also concludes that exercise of personal jurisdiction in this case would not offend traditional notions of fair play and substantial justice. *Olivier,* 979 F.2d at 831. The court discerns no appreciable burden on the Defendants in defending the suit in this jurisdiction. This case is an Eastern Division case. The courthouse in which the case will be tried is located in Opelika, in Lee County, Alabama, a county which borders Russell County, Alabama. The distance from Columbus, Georgia to Opelika, Alabama is substantially less than 50 miles. Therefore, while not all of the factors relevant to this kind of analysis, such as the plaintiff's interest in obtaining effective relief, may not weigh in favor of either forum in this case, the slight burden on the Defendants of the small additional distance is not sufficient to offend traditional notions of fair play and substantial justice. In addition, it is for this reason, and the fact that the Defendants have not sustained their burden of showing sufficient factors in favor of transfer to outweigh the Plaintiffs' choice of forum, that the court concludes that the Defendants' request to transfer the case on the basis of *forum non conveniens* also is due to be denied. *See Leon v. Millon*

*Air, Inc.,* 251 F.3d 1305, 1311 (11th Cir. 2001).

## V. *CONCLUSION*

For the reasons discussed, the Motion to Dismiss (Doc. # 4) is due to be and is hereby ORDERED DENIED.