**Marion R. RAY, Conservator of the Estate of Leo C. Ray, Plaintiff**

**v.**

**Edward HEILMAN, M.D., Defendant.**

Civ. A. No. 87–2027–S.

United States District Court, D. Kansas.

March 11, 1987.

Michael L. Sexton/Mark J. Sachse, Callen, Sexton & Shelor, Kansas City, Kan., David Calvert, Curfman, Harris, Stallings & Snow, Wichita, Kan., for plaintiff.

David R. Erickson, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant Edward Heilman, M.D.'s motion to dismiss this action on the basis that this court does not have personal jurisdiction over the defendant. Plaintiff brought this action against the defendant, Edward Heilman, M.D., for medical malpractice in the treatment of Leo C. Ray, and for the prescribing of medicine for Leo C. Ray.

In resolving a question of jurisdiction, a two-step analysis is applied. First, the court must determine whether the defendant's conduct falls within the scope of service authorized by statute. *Cunningham v. Subaru of America, Inc.*, 631 F.Supp. 132, 134 (D.Kan.1986) (quoting *Hoffman v. United Telecommunications, Inc.*, 575 F.Supp. 1463, 1469 (D.Kan.1983)). Second, it must be determined whether the exercise of jurisdiction properly invoked by statute or rule is consistent with the constitutional due process standards set forth in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). *J.E.M. Corp. v. McClellan*, 462 F.Supp. 1246, 1247 (D.Kan.1978). The Kansas court has specifically held that for service to issue under the long-arm statute, plaintiff need only make out a prima facie case that a defendant has committed those acts which allegedly give rise to liability. *J.E.M. Corp.*, 462 F.Supp. at 1248.

Defendant Edward Heilman, M.D. contends that this court has no jurisdiction over him as he is a physician licensed to practice and practicing medicine solely in the state of Missouri. Defendant contends that the factual occurrence that gave rise to this lawsuit occurred either at defendant's medical office or at St. Joseph's Hospital, both located in Kansas City, Missouri. Heilman further contends that he has never practiced medicine in Kansas and has never treated Leo C. Ray in Kansas.

In opposition to defendant's motion, plaintiff states that defendant initially prescribed the medication, Coumadin, for Leo Ray in the Missouri office. Mr. Ray took this medication on a daily basis in Shawnee, Kansas. The prescription was subsequently refilled after a call by the defendant to a pharmacy located in Shawnee, Kansas. The defendant further instructed and arranged for Leo C. Ray to submit to blood tests, called protime tests, in Shawnee, Kansas, at the Shawnee Mission Medical Center. On a monthly basis, plaintiff reported for these tests. The results of the laboratory tests were then communicated from the Shawnee Mission Medical Center to defendant and his staff in Missouri.

On approximately April 16, 1986, Leo C. Ray began to hemorrhage in his leg. During the next eight days, Mr. Ray or his wife had six separate telephone conversations with the defendant from their home in Shawnee, Kansas to the defendant's office in Missouri. The purpose of these calls was to inform the defendant of Leo Ray's physical status and to seek defendant's medical advice about the condition of and care of Mr. Ray's left leg. During these telephone conversations, the defendant gave instructions and orders to the plaintiff and/or his wife. Based on the foregoing facts, the plaintiff contends that this court does have personal jurisdiction over the defendant pursuant to K.S.A. §§ 60–308(b)(1) and 60–308(b)(2). The court must agree with the plaintiff.

K.S.A. § 60–308(b) provides:

Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:

(1) Transaction of any business within this state;

(2) commission of a tortious act within this state; ....

*Id.* In reviewing the record, the court finds that personal jurisdiction may be asserted over the defendant pursuant to the Kansas long-arm statute, § 60–308(b)(2). In so ruling, the court is guided by the

decision in *Ling v. Jan's Liquors,* 237 Kan. 629, 703 P.2d 731 (1985).

In *Ling,* the court discussed the applicability of § 60–308(b)(2) to a situation where a Missouri retail liquor establishment sold liquor in Missouri to a minor. The minor then entered into Kansas and, due to consumption of the alcoholic beverages bought in Missouri, caused an accident. In *Ling,* the defendant asserted that the court had no personal jurisdiction over it in the state of Kansas. The court found that the negligent act, that of selling liquor to the minor, was committed outside the state of Kansas, but found that the injury occurred in Kansas. "[I]n order for K.S.A. § 60–308(b)(2) to apply, it must be found that the injury which occurs in this state as a result of a negligent act outside the state is the equivalent of the commission of a 'tortious act within the state.'" 237 Kan. at 632, 703 P.2d 731. The court noted that this was a question of first impression in Kansas. After reviewing decisions in other jurisdictions, the court broadly interpreted the term "tortious act" to imply a whole continuum of actions rather than a single act. *Id.* at 632–33, 703 P.2d 731 (citations omitted). Under the court's interpretation, the "tortious act" is not complete until the injury has occurred and the act is deemed to have occurred in the state where the injury occurs. *Id.* Similarly, the court finds that in this case the injury occurred in Kansas and thus, defendant's conduct constitutes a "tortious act within the state" within the ambit of § 60–308(b)(2).

In *Ling,* the court cited *J.E.M. Corp. v. McClellan,* 462 F.Supp. 1246, 1252 (D.Kan. 1978) for support. In *McClellan* the court recognized that one can engage in purposeful activity in the state of Kansas without ever setting foot in the state. *Id.* It also is well settled that the long-arm statute should be liberally construed to assert jurisdiction over nonresident defendants to the full extent permitted by the due-process clause of the Fourteenth Amendment to the United States Constitution. *Ling v. Jan's Liquors,* 237 Kan. at 633, 703 P.2d 731 (citing *MISCO-United Supply, Inc. v. Richards of Rockford, Inc.,* 215 Kan. 849, 528 P.2d 1248 (1974)). Thus, defendant's conduct does fall within the scope of service authorized by the Kansas long-arm statute.

■ The court also finds that the defendant had sufficient contacts within Kansas to satisfy due process. *See Thermal Insulation Systems, Inc. v. Ark-Seal Corp.,* 508 F.Supp. 434 (D.Kan.1980). Under the due-process analysis, the court must look to the "quality and nature" of a defendant's activity to determine whether it is both "reasonable" and "fair" to require the defendant to conduct its defense in the forum state. *Kulko v. Superior Court,* 436 U.S. 84, 92, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978). The court must determine whether there are sufficient "minimum contacts" between the non-resident defendant and the forum state. *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The court finds that the conduct of the defendant in his numerous communications with the plaintiff in the state of Kansas, the giving of medical advice over the telephone to the plaintiff residing in Kansas, the arrangements made by the defendant for the plaintiff to submit to blood tests at Shawnee Mission Medical Center in Kansas, and the resulting injury to plaintiff in Kansas satisfies the criteria of *International Shoe. See J.E.M. Corp. v. McClellan,* 462 F.Supp. at 1255. The court therefore finds that subjecting the defendant to jurisdiction in the District of Kansas is not inconsistent with fair play and substantial justice.

IT IS BY THE COURT THEREFORE ORDERED that defendant Edward Heilman, M.D.'s motion to dismiss for lack of personal jurisdiction over him is hereby denied.