Cheryl JONES, Plaintiff(s),

v.

Barry WILLIAMS, et al., Defendant(s).

No. C 09–2880 BZ.

United States District Court,
N.D. California.

Sept. 30, 2009.

Julian John Hubbard, Law Office of Julian Hubbard, Redwood City, CA, for Plaintiff.

Daniel J. Herling, Leyla Mujkic, Keller & Heckman LLP, San Francisco, CA, for Defendant.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

BERNARD ZIMMERMAN, United States Magistrate Judge.

This case presents a question of first impression in an area of law that remains somewhat unsettled: does a defendant's continuous provision of medical care across state borders over the telephone subject the defendant to jurisdiction in the patient's home state? *See generally* Dave R. Bonelli, Annotation, *In Personam Jurisdiction, Under Long–Arm Statute, Over Nonresident Physician, Dentist, or Hospital in Medical Malpractice Action,* 25 A.L.R.4th 706 (1983).

■ Plaintiff has sued defendants Williams and Ritzman, both citizens of New Mexico, for medical malpractice and related claims.[1] Plaintiff was a resident of Hawaii in 2000 when she met Williams, a licensed therapist, in New Mexico and began receiving therapy and counseling from him. Plaintiff moved to California in 2002 and last year returned to Hawaii. Between 2000 and 2006, Williams provided weekly telephonic psychotherapy and dream counseling to plaintiff from his home in Taos, New Mexico. On several occasions, Williams traveled to California, at plaintiff's request, and provided treatment to plaintiff and others at plaintiff's California residence.[2] Between April 2005 and June 2006, Ritzman, Williams's wife, provided weekly Shamanic counseling to plaintiff over the telephone. Defendants have moved to dismiss the complaint for lack of personal jurisdiction or in the alternative to transfer venue.

The parties agree that California's long arm statute, California Code of Civil Procedure § 410.10, allows the exercise of personal jurisdiction on any basis consistent with the federal constitution. To demonstrate that California has personal jurisdiction over Williams and Ritzman, plaintiff need only make a *prima facie* showing. *See Caruth v. Int'l Psychoanalytical Ass'n,* 59 F.3d 126, 128 (9th Cir.1995). The exercise of personal jurisdiction over a nonresident defendant by a forum state is not inconsistent with due process if the nonresident defendant has certain "minimum contacts" with the forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (*quoting Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)).

■ Courts may exercise either general or specific jurisdiction over a nonresident defendant. *Helicopteros Nacionales de Colombia S.A. v. Hall,* 466 U.S. 408, 414 nn. 8–9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Plaintiff contends that this court has general and specific jurisdiction over both defendants.

### 1. Plaintiff has Failed to Establish General Jurisdiction.

■ General jurisdiction applies where a defendant's activities in the state

---

1. All parties have consented to my jurisdiction pursuant to 28 U.S.C § 636(c) for all proceedings, including entry of final judgment.

2. Although Williams alleges that plaintiff's foundation invited him to California, I must construe this conflict in plaintiff's favor. In ruling on a motion to dismiss for lack of

jurisdiction, "uncontroverted allegations in [the] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor." *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir.2002).

are "substantial" or "continuous and systematic," even if the cause of action is unrelated to those activities. *Data Disc, Inc. v. Systems Tech. Assoc.*, 557 F.2d 1280, 1287 (9th Cir.1977). Where general jurisdiction is inappropriate, a court may still exercise specific jurisdiction if the defendant has sufficient minimum contacts with the forum state in relation to the plaintiff's cause of action. *Id.* In *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000) the court stated the standard is "fairly high and requires that the defendant's contacts be of the sort that approximate physical presence." [3] (Internal citations omitted).

■ Williams's contacts with the state of California are not sufficient for general jurisdiction. Williams provided weekly telephonic counseling sessions to plaintiff between 2000 and 2006. He traveled to California three times at plaintiff's invitation to counsel her and other California residents. For eleven to fifteen days between 2000 and 2006 Williams was a professor in residence at the Pacifica Graduate Institute in Carpinteria, California.[4]

These contacts are plainly insufficient to "approximate physical presence." *Bancroft*, 223 F.3d at 1086. Aside from a handful of seminars and his teaching position, Williams conducted no business in the state of California during the relevant time period. Williams is not licensed nor does he hold himself out to be a licensed California physician. Plaintiff does not allege that Williams regularly conducts business in California, that he serves the state's markets, or that he has an agent for service of process in the state.

Most of the contact with California took place over the phone. Plaintiff has cited no authority for the proposition that phone calls can give rise to general jurisdiction. By their very nature, phone calls do not approximate physical presence.

■ Ritzman's contacts with California are even more attenuated than Williams's. Between 2000 and 2006 she only visited California for occasional week long vacations. She never traveled to California for business. The bulk of Ritzman's contact with California occurred telephonically, when she consulted with plaintiff on a weekly basis between April 2005 and June 2006. For the same reasons as Williams, Ritzman's contacts with California are not sufficient for general jurisdiction.

## 2. Plaintiff has Established Specific Jurisdiction.

■ In order to find specific jurisdiction: "1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable." *Roth v. Marquez*, 942 F.2d 617, 620–21 (9th Cir.1991).

## A. Plaintiff has Shown Purposeful Availment.

■ To prove the first element in a tort case, plaintiff must show "purposeful direction," defined by the "three-part 'effects' test traceable to the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804

---

**3.** The factors to consider for general jurisdiction include "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license,

or is incorporated there." *Bancroft*, 223 F.3d at 1086.

**4.** None of plaintiff's claims arise from this contact.

(1984)." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). The defendant must have 1) committed an intentional act, 2) expressly aimed at the forum state, which 3) causes harm that the defendant knew was likely to be suffered in the forum state. *Id.*

Under this test, I find that plaintiff has alleged facts sufficient to establish jurisdiction. In 2000, the parties met at a conference in defendants' hometown of Taos, New Mexico. Shortly thereafter, plaintiff and Williams began a doctor-patient relationship that lasted over six years. In 2002, plaintiff moved to California and continued calling Williams on a weekly basis for psychotherapy and dream analysis. On 2 or 3 occasions Williams came to California at plaintiff's request to conduct therapy sessions. At those therapy sessions, Williams provided dream analysis and psychotherapy to plaintiff and others. Ritzman's contacts are not quite as numerous. Her primary contact with plaintiff consisted of weekly Shamanic counseling sessions over the course of fourteen months.

Both defendants committed intentional acts within the "specialized meaning" of the *Calder* effects test. *Schwarzenegger,* 374 F.3d at 806. The standard for this element is very low. *See Id.* Both defendants intentionally spoke to the plaintiff on the telephone. Williams intentionally traveled to California and performed dream analysis at plaintiff's request.

Plaintiff has also shown that defendants "expressly aimed" their intentional acts at California. *Id.* From 2002 until 2006 Williams treated plaintiff while she was California at least two times per week. Williams knew where the plaintiff lived, and continued to accept payment for treatment. As the court in *Schwarzenegger* wrote, "the 'express aiming' analysis depends, to a significant degree, on the type of tort or other wrongful conduct at issue." *Id.* at 807. The complaint plainly states that Williams specifically directed his treatment towards plaintiff, and it was the abuse of this relationship that gives rise to this cause of action. The same analysis applies to Ritzman's telephonic treatment of plaintiff. Both defendants directed their activities towards the plaintiff in California over a continuous and sustained period of time.

The third element of the *Calder* test is similarly met. Williams must have known that for a four year period and for over four hundred treatment sessions, that plaintiff would have felt any benefit or harm in California. Ritzman too must have known that if the treatment was detrimental to plaintiff, she would feel the harm in California.

Defendants' reliance on *Prince v. Urban,* 49 Cal.App.4th 1056, 57 Cal.Rptr.2d 181 (4th Dist.1996), and *Wright v. Yackley,* 459 F.2d 287 (9th Cir.1972), is misplaced. Both of those cases found personal jurisdiction in the forum state lacking where the primary medical care was rendered in the doctor's home state but follow-up care occurred in the forum state. For example, in *Prince,* the California plaintiff was referred to the defendant Illinois doctor for treatment of her headaches. After returning to California, the plaintiff had numerous phone consultations with the defendant, for which she paid. The defendant also mailed medications directly to the plaintiff and arranged to have the plaintiff's prescriptions filled in California. The court affirmed a dismissal for lack of personal jurisdiction because "the doctor-patient relationship was not the result of any 'systematic or continuing effort ... to provide services' to be 'felt' in California." *Id.* at 1064, 57 Cal.Rptr.2d 181 *quoting Wright,* 459 F.2d at 290.

This case is distinguishable from *Wright* and *Prince* for one principal reason; these defendants *did* engage in a "systematic or continuing effort" to provide services that would be felt in California. Unlike the plaintiffs in *Wright* and *Prince* who traveled out of state for a discrete medical procedure, and received follow-up treatment in their home states, plaintiff here received her principal treatment during six years of twice weekly telephonic therapy and counseling while she was in California, for four of the years, and in Hawaii for two. The alleged malpractice occurred, in part, not because of a discrete act by a defendant, but because of a breach of a relationship plaintiff alleges was one of trust, built over many treatment sessions, presumably all of equal importance. The regularity, frequency, and quality of the contact between Williams and plaintiff sets this case apart from *Wright* and *Prince*.[5]

Williams's trips to California, specifically those where he came at plaintiff's request, further set this case apart from *Wright* and *Prince*. Unlike the defendants in *Wright* and *Prince*, Williams conducted business while physically present in the forum state. The trips to California and the treatment rendered to plaintiff during those trips, partially give rise to the plaintiff's claims and further show that Williams made a continuous and sustained effort to cause effects in the forum state.

### B. The Claims Arise out of the Forum Related Activities.

 Plaintiff claims that most of defendants' tortuous conduct took place during telephone conversations, and that those telephone conversations are defendants' primary contacts with California. Further, the therapy that Williams provided to plaintiff while in California forms part of the basis for the complaint.

Defendants argue that plaintiff's damage claims primarily stem from a fraudulent real estate transaction regarding a piece of real property located in New Mexico. Plaintiff argues that her loss on this transaction is just one component of the damages she seeks, that defendants improperly induced her to enter into this transaction, and that most of the damages she suffered were a result of the alleged medical malpractice, not the real estate transaction. Because I must resolve any conflicts in plaintiff's favor, I find that her damage claims are sufficiently related to defendants' forum related activities.

### C. It is Reasonable for the Defendants to Defend Themselves in California.

 With respect to the burden on defendants, Williams traveled to California to treat plaintiff and others and to teach. It does not appear to be terribly burdensome to require him to travel to California to defend himself in an action partially arising out of some of those contacts.

 Ritzman presents a closer case. Her contacts with California were not nearly as numerous or continuous as Williams. Nevertheless, she did treat plaintiff over the phone for a period of fourteen months while plaintiff lived in California. Ritzman shares the same counsel as Williams and is defending against most of the same claims. On balance, it does not appear to be burdensome for Ritzman to defend herself here.

Because I have found that plaintiff has established specific jurisdiction, defen-

---

5. A number of courts in recent years have sustained jurisdiction over doctors who had systematic or continuous contacts with a forum state. *See Kennedy v. Freeman,* 919 F.2d 126 (10th Cir.1990), *Walsh v. Chez,* 418 F.Supp.2d 781 (W.D.Pa.2006), *Ray v. Heilman,* 660 F.Supp. 122 (D.Kan.1987).

dants' motion to dismiss is **DENIED**. The motion to transfer venue is also **DENIED** as defendants have not made a showing that New Mexico would be the more convenient forum. Defendants must file an answer by **October 12, 2009.**